FILED'07 JAN 08 17:17USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EVA M. GARCIA-CHAVARRIA,

        Plaintiff

    v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant

Civil No. 05-1399-CO

FINDINGS AND
RECOMMENDATION

MICHAEL A. KEENEY
Marion-Polk Legal Aid Service
1655 State Street
Salem, OR 97301-4258

    Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

MICHAEL McGAUGHRAN
Regional Chief Counsel
RICHARD A. MORRIS
Special Assistant U.S. Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075

    Attorneys for Defendant

COONEY, Magistrate Judge:

Plaintiff Eva Garcia[1] seeks judicial review of the Social Security Commissioner's final decision denying her application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c).

## BACKGROUND

Garcia filed the present SSI application on November 6, 2002. Tr. 59.[2] She alleged disability due to a bulging lumbar disk and depression. Tr. 69. Garcia contends she has been unable to work due to these impairments since January 7, 2000. Tr. 57.

Her application was denied initially and upon reconsideration. Tr. 38-42, 46-48. A hearing was held before an Administrative Law Judge (ALJ) on November 4, 2004, and the ALJ issued an unfavorable decision on December 3, 2004. Tr. 17-25, 352-390. The Appeals Council denied Garcia's request for review, and she filed a timely petition in U.S. District Court. Tr. 6-8.

Born in 1957, Garcia completed a GED. Tr. 57, 75. Between 1975 and 2000 Garcia worked as a berry picker, ticket puncher, meat packer, teaching assistant, mail sorter, office clerk, and shoe inspector. Tr. 70..

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five

---

[1] Plaintiff indicates that "Garcia" is presently plaintiff's name in entirety, and that "Chavarria" represents a former, presumably married, name. Pl. Opening Br. 1, 13.

[2] Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer on April 3, 2006 (Docket #11).

steps in determining disability under the meaning of the Act. 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Garcia challenges the ALJ's evaluation of the evidence and his conclusions at step four.

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If she is, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i) At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve month duration requirement. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant does not have such a severe impairment, she is not disabled. *Id.*

At step three, the ALJ determines if the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by her impairments. 20 C.F.R. § 416.920(e), Social Security Ruling (SSR) 96-8p. The ALJ uses this information to determine if the claimant can perform her past relevant work at step four, or perform work in the national economy at step five.

If proceedings reach step five, the Commissioner must determine if the claimant is capable of performing work existing in the national economy. *Yuckert*, 482 U.S. at 141-2; *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); 20 C.F.R. § 416.920(a)(4)(v).

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at

3 -- FINDINGS AND RECOMMENDATION

1098. If the process reaches the fifth step the burden shifts to the Commissioner to show that jobs exist in the national economy in the claimant's residual functional capacity. *Id.* If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. § 404.1520(g), 416.920(g).

## THE ALJ'S FINDINGS

The ALJ found Garcia's depression, trochanteric bursitis in her hip, and mild degenerative disc disease "severe" at step two. Tr. 24. The ALJ assessed Garcia's RFC:

> The claimant has the following residual functional capacity to perform light exertion work activity. The range of light work she can perform is narrowed by some non-exertional limitations. She is able to stand or walk 6 hours out of an 8-hour day, and she is able to sit 6 hours out of an 8-hour day. She is limited to positions which require no more than occasional squatting and crawling and occasional use of stairs and ladders. She is restricted to jobs which involve simple work involving only1 to 3 steps. Her work should be limited to minimal contact with the general public and co-workers because of her mild depressive disorder.

Tr. 24.

Drawing upon a vocational expert's testimony, the ALJ found that this RFC did not prevent Garcia from performing her past relevant work as a data entry clerk, shoe inspector (quality control), office clerk, and mail room clerk (sorter). Tr. 24, 387-390. Accordingly, the ALJ found Garcia not disabled at any time through the date of his decision. Tr. 24-25.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d

4 - FINDINGS AND RECOMMENDATION

1190, 1193 (9th Cir. 2004). This court must weigh "both the evidence that supports and detracts from the Commissioner's conclusion." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d. 771, 772 (9th Cir. 1986)). The reviewing court "may not substitute its judgement for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). In reviewing a credibility finding, the reviewing court must consider whether the Commissioner provided "clear and convincing reasons" for finding a claimant not credible. *Reddick v. Chater*, 157 F.3d, 715, 722 (9th Cir. 1998). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Magallanes*, 881 F.2d at 750; *see also Batson*, 359 F.3d at 1193.

## DISCUSSION

Garcia claims the ALJ erred in his step four finding by improperly assessing her credibility, improperly evaluating the medical evidence and relying upon an inaccurate RFC in submitting hypothetical questions to the vocational expert.

### I. Garcia's Credibility

Garcia claims the ALJ improperly assessed her credibility because "the record establishes that... Ms. Garcia has consistently complained of disabling pain since 2001. Moreover, she has consistently described moderate to marked limitations of daily activities." Pl. Opening Br. 16.

The ALJ based his credibility finding upon 1) the objective medical evidence, 2) evidence of malingering, 3) daily activities inconsistent with her alleged impairment, 4) indications that Garcia stopped working due to layoff rather than disability, and 5) Garcia's prior felony conviction. Tr. 22.

a.    **Credibility Analysis.**

The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). In construing credibility findings, the ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Additionally, the ALJ may employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. *Id*.

b.    **Malingering**

The ALJ found Garcia "not entirely credible in light of the medical evidence," and that "there is no medical evidence of record supporting findings the claimant is incapable of sustaining any work activity." Tr. 22. Once a claimant shows medical evidence of an underlying impairment, an ALJ may not cite medical evidence as a sole reason for discounting a claimant's pain testimony. *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004). However, the ALJ may consider such medical evidence as one of several credibility factors. *Smolen*, 80 F.3d at 1284.

The ALJ also found that, "the record strongly suggests the claimant has exaggerated symptoms and limitations, such as Dr. David [Gostnell]'s assessment suggesting the claimant was involved in possible malingering or misrepresentation." Tr. 22. The standard for evaluating credibility shifts when the ALJ makes a malingering finding based upon the record. *Smolen*, 80 F.3d at 1281, *citing Cotton v. Bowen*, 799 F.2d 1408 (9th Cir. 1986). If there is evidence of malingering, the ALJ is no longer obligated to provide "clear and convincing reasons" for

6 - FINDINGS AND RECOMMENDATION

discrediting symptom testimony. *See id.*

Examining psychologist Dr. Gostnell noted that Garcia's responses were unusually delayed and that "formal mental status testing did not appear valid due to incomplete effort." Tr. 205. Dr. Gostnell concluded his examination report by saying, "she is also embellishing her symptoms, particularly her cognitive impairments." *Id.* The ALJ noted this conclusion and appropriately based his malingering finding upon the record. Tr. 19, 22. For this reason, Garcia fails to meet the threshold for application of the *Cotton* test. An ALJ may additionally discredit physician reports based upon incomplete effort in testing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ's malingering finding is based upon the record. If the record is open to more than one rational interpretation, this court must affirm the ALJ's reading of the record. *Batson*, 359 F.3d at 1193. For the reasons above, the ALJ's malingering suggestion should be sustained.

### c. Garcia's Reported Activities of Daily Living

An ALJ may consider activities of daily living in evaluating credibility. *Orteza*, 50 F.3d at 750. Here the ALJ noted Garcia's ability to care for her four children, drive, attend school conferences, and pay bills. Tr. 22. While a claimant "need not vegetate in a dark room," activities such as these may be construed as similar to the effort required for employment. *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987), *Orteza*, 50 F.3d at 750. Such activity may also show inconsistency between a claimant's alleged limitations and actual ability. *Id.* The ALJ cited Garcia's activities under the appropriate legal standard and this finding should be sustained.

### d. Conduct

The ALJ noted that Garcia has a felony conviction for assault. An ALJ may appropriately

7 - FINDINGS AND RECOMMENDATION

consider a claimant's conduct in his credibility findings. *Moisa,* 367 F.3d. While assault is not a crime of dishonesty, it provides grounds for a negative inference regarding Garcia's conduct. This finding should be sustained.

Here, the ALJ cited several appropriate reasons for disbelieving Garcia's testimony. For the reasons above, Garcia's submission that the ALJ improperly failed to credit her pain testimony fails.

## II. Medical Source Statements

Garcia suggests she has two "listed" disorders specified in 20 C.F.R. Pt. 404, Subpart P, App. 1. She also suggests the ALJ failed to consider the effect of her combined impairments. Pl. Opening Br. 12-15. Garcia does not identify which medical opinions support her argument; this court will address acceptable medical sources under Social Security Regulations. 20 C.F.R. § 416.913(a).

    a.    **Listing 12.04: Affective Disorders**

Garcia maintains the ALJ "concedes that Ms. Garcia meets Listing 12.04A." Pl. Opening Br. 12. Garcia misconstrues the regulations. A claimant "meets" a listing if she meets all applicable parts of a listing.

In order to meet the listings for an affective disorder (12.04) or an anxiety disorder (12.06) the claimant must meet specified criteria. 20 C.F.R. Pt. 404, Subpart P, App. 1, §§ 12.04, 12.06. DDS[3] determined that Garcia met the "A" criteria for an affective disorder via her depression. Tr. 211. If a claimant meets the "A" criteria, the adjudicator must determine if the

---

[3]DDS is a federally-funded state agency that makes eligibility determinations on behalf and under the supervision of the Social Security Administration pursuant to 42 U.S.C. § 421(a) and 20 C.F.R. § 416.903.

8 - FINDINGS AND RECOMMENDATION

claimant meets *either* 1) two of the specified "B" *or* 2) one of the specified "C" criteria for an affective disorder. 20 C.F.R. Pt. 404, Subpart P, App. 1, § 12.04. Garcia suggests "the record establishes that because of her mental impairments and the impact of her mental disorders, Ms. Garcia's activities of daily living are "markedly" restricted. She is barely able to cope with daily activities because of her depression and anxiety." Pl . Opening Br. 14. Garcia does not point to elements of the record supporting her submission.

No treating or examining physician endorsed significant limitations due to depression. Treating physician Dr. Porter made no mention of Garcia's depression. Tr. 163-183. Examining psychologists Drs. Nelson and Gostnell did not suggest limitations specified in the listings. In February 2002 Dr. Nelson stated,

> Although [Garcia] has a history of severe depressed mood and accompanying behaviors and continues to struggle with depression, her depression is adequately managed by her pharmacological treatment at this time... The most therapeutic approach at this time would be for her to continue her rehabilitation with on-the-job training or job placement.

Tr. 344. The ALJ noted this assessment. Tr. 19.

Contrary to Garcia's submission, examining psychologist Dr. Gostnell performed psychological testing. Tr. 205. In his January 2003 examination, Dr. Gostnell found formal psychological testing invalid due to "incomplete effort," and concluded:

> The most reasonable conclusion regarding Ms. Garcia's current psychological status is that she is experiencing a clinical depression but she is also embellishing her symptoms, particularly her cognitive impairments. The extent to which her apparent symptoms are under voluntary control is impossible to specify.

Tr. 205. The ALJ also noted assessment. Tr. 19. The ALJ's analysis of Drs. Richards, Nelson,

9 - FINDINGS AND RECOMMENDATION

and Gostnell is based upon the record and should be sustained.

There are additionally no reports from acceptable medical sources of "decompensation," which establishes that Garcia does not meet the "C" criteria. 20 C.F.R. Pt. 404, Subpart P, App. 1, § 12.04. Because no reports indicate that Garcia meets two elements of the "B" criteria *or* the "C" criteria under 20 C.F.R. Pt. 404, Subpart P, App. 1, § 12.04, Garcia's submission that the record renders her disabled under the listings for her depression fails.

### b. Listing 12.06: Anxiety Disorders

Garcia suggests she meets the listing criteria for an anxiety disorder, but no treating or examining physician diagnosed such a disorder. The listing for an anxiety disorder (12.06) specifies that a claimant must meet one "A" criteria and two "B" criteria or one "A" criteria accompanied by "complete inability to function independently outside the area of one's home. 20 C.F.R. Pt. 404, Subpart P, App. 1 § 12.06. No acceptable medical sources, discussed above, suggest Garcia meets any of these criteria. Garcia's submission that the medical record establishes disability under listing 12.06 fails.

### c. Analysis: Combined Effects

Garcia argues that the ALJ failed to consider her impairments in combination. Pl. Opening Br. 15. An ALJ is not required to consider impairments in combination unless a claimant presents evidence of equivalency. *Burch v. Barnhart*, 400F.3d 676, 683 (9th Cir. 2005). Garcia presents no such argument. As defendant submits, "a generalized assertion of functional problems (Pl. Br. at 15) is not enough to establish disability at step three." Def. Br. 12, *citing Tackett*, 180 F.3d at 1100. For this reason, the ALJ's finding that Garcia's impairments, singularly or in combination, did not do not meet or medically equal a listed impairment should

be sustained.

### III. Lay Witness Testimony

Garcia suggests the ALJ erroneously rejected lay witness testimony. Pl. Opening Br. 17. Garcia suggests, "In this case, the ALJ provides reasons for discounting such evidence, but those reasons are not supported by the evidence nor germane to the testimony provided." *Id.* Garcia provides no explanation identifying these alleged errors.

#### a. Evaluating Lay Witness Testimony

The ALJ has a duty to consider lay witness testimony. 20 C.F.R. §§ 416.913(d)(4); 416.945(a)(3); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Friends and family members in a position to observe the claimant's symptoms and daily activities are competent to testify regarding the claimant's condition. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The value of lay witness testimony lies in their eyewitness observations, which may "often tell whether someone is suffering or merely malingering." *Id.* The ALJ may not reject such testimony without comment, but he may reject lay testimony inconsistent with medical evidence. *Lewis*, 236 F.3d at 512. If an ALJ rejects lay witness testimony entirely, he must give reasons germane to the witness. *Nguyen*, 100 F.3d at 1467.

#### b. Nurse Practitioners Richards and Downard and Social Worker Rodriguez

Nurse practitioners and social workers are considered "other" testimonial sources under Social Security Regulations. 20 C.F.R. § 416.913(a). Contrary to Garcia's contention, such testimony is appropriately evaluated as lay witness testimony. 20 C.F.R. § 416.913(d).

Garcia's treating nurse practitioner, John Richards, Adult Nurse Practitioner (ANP), noted Garcia's depression between April 2003 and March 2004, but did not endorse any clinical

11 - FINDINGS AND RECOMMENDATION

limitations in daily functioning due to depression. Tr. 230-33, 301-03, 305, 308. Instead, Richards suggested, "I do not see any reasons why she cannot do any of the [job search] activities, but her mental health issues and her chronic back pain make her very resistant to these activities... she probably would do better if she did go on a job search and got her mind active and became independent." Tr. 302. The ALJ appropriately noted this testimony in his decision. Tr. 20.

The ALJ does not mention treatment notes produced by nurse practitioner Arthur Downard. Downard conducted Garcia's intake interview at Clackamas County Mental Health and suggested diagnoses of major depression, anxiety disorder, and post traumatic stress disorder. Tr. 273-74. Silent omission of lay witness testimony regarding a claimant's functioning in a work environment is not harmless. *Stout v. Commissioner*, 454 F.3d 1050, 1055-56 (9th Cir. 2006), Downard's submission does not discuss any work-related observations or limitations. Tr. 273-74. The ALJ therefore made no significant error in failing to mention Downard's opinion.

Garcia also sought mental health counseling from Jose Rodriguez, Licensed Clinical Social Worker (LCSW). The ALJ cited Rodriguez's treatment with Rodriquez, finding, "[the] discharge summary noted the claimant was attending treatment sessions on an inconsistent basis until she finally stopped attending treatment on May 26, 2004." Tr. 19. Garcia would suggest Rodriguez "constitutes an acceptable medical source as defined by 20 C.F.R. Sec. 416.913(d)(1) to show the severity of her impairments and how it affects her ability to work." Pl. Reply Br. 3. This position is contrary to Social Security Regulations, which specifically state that a social worker is an "other" source. 20 C.F.R. § 416.913(d)(1). Acceptable medical sources are limited

12 - FINDINGS AND RECOMMENDATION

to appropriately licensed physicians, psychologists, optometrists, podiatrists, and speech-language pathologists. 20 C.F.R. § 913(d). Therapists are not included in this section.

Lay testimony may not establish a medical diagnosis. *Lewis*, 236 F.3d at 512. Therefore, the ALJ was not obliged to consider suggestions from Downard and Rodriguez that Garcia met diagnostic criteria for major depression, anxiety disorder, or post traumatic stress disorder.

### c. Darlene Roque and Francisca Alvarez

The ALJ noted the testimony provided by Garcia's friend, Darlene Roque, and her daughter, Francisca Alvarez. He concluded, "Neither is trained to critically evaluate whether the claimant's complaints are exaggerated or inconsistent with the medical record. In addition, they have no demonstrated vocational expertise necessary to support a conclusion the claimant is unable to work." Tr. 23.

Rogue testified that she had known Garcia about seven years, and that she saw Garcia "sometimes once a month," before Garcia moved to Washington state in the autumn of 2004. Tr. 371-2. Roque stated, that Garcia "gets depressed a lot. And she's... down a lot and she cries a lot. And she just doesn't get around a whole lot either." Tr. 372. Roque also testified that while Garcia "does pretty good" caring for her children, Garcia's children also provide significant household help. Tr. 373. Roque finally testified that Garcia has difficulty remembering, paying attention, and focusing, and that Garcia frequently complains of pain. Tr. 374-75.

Alvarez testified that she visited her mother "to check on her and the kids four or five days per week." Tr. 378. She also testified that she helped her mother with household organization and bill paying, and that her mother appeared sad or depressed.

The ALJ did not give a germane reason for discarding the observations of Roque and

13 - FINDINGS AND RECOMMENDATION

Alvarez. Generally, such an omission is clear error. *Nguyen*, 100 F.3d at 1467. However, the ALJ is not required to discuss evidence that is "neither significant nor probative." *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Here, the relevant testimony only establishes that Garcia experiences sadness, frustration, and difficulty paying attention. The medical record, discussed above, does not support lay witness observations of cognitive limitations. Lay witness testimony may not establish medical diagnoses, and may be rejected if it is inconsistent with the medical record. *Lewis*, 236 F.3d at 512.

In summary, the lay testimony discussed above does not establish supported vocational limitations. For these reasons, the testimony is not probative and the ALJ was not required to include it in his RFC calculation.

## IV. The ALJ's Duty to Develop the Record

Garcia suggests the ALJ failed to properly develop the record. Pl. Opening Br. 17. Garcia develops no argument in support of this contention.

While the ALJ is not "mere umpire," the burden of establishing disability rests upon the claimant. *Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir. 1991), *Yuckert*, 482 U.S. at 146. This court finds the record sufficiently developed. The record includes extensive clinical notes, test results, and letters submitted by Drs. Porter, Gostnell, Nelson, other medical sources, and lay witnesses. The ALJ's duty to develop the record is triggered when evidence is insufficient or when ambiguities arise. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005), *Armstrong v. Commissioner*, 160 F.3d 587, 590 (9th Cir. 1998). Social Security regulations require the ALJ to assist the claimant in developing a complete record. *Id.* No evidence presently suggests Garcia's record is incomplete. No circumstances suggest the record should be developed under the

14 - FINDINGS AND RECOMMENDATION

authorities above.

### V.   ALJ's Step Four Finding

At step four, the ALJ found that Garcia could perform her past relevant work. Tr. 24-25. At Garcia's hearing the ALJ solicited testimony from a vocational expert (VE). The VE testified that Garcia could return to her work as an office clerk or mail sorter. Tr. 389.

Garcia claims the ALJ's hypothetical question to the VE is invalid because the ALJ's hypothetical question to the VE did not include all of her suggested limitations. Pl. Opening Br. 16. The ALJ was not obliged to include unsupported restrictions in his questioning to the VE. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-64, (9th Cir. 2001).

The ALJ appropriately based his step four determination upon VE testimony. Tr. 23-25. That testimony was adequately supported by the medical evidence and based upon proper standards. *See Osenbrock*, 240 F.3d at 1163-64.

In conclusion, Garcia has not established that her condition prevents her from performing her past relevant work at step four. All of plaintiff's other arguments have been considered, and this court finds them unpersuasive. This court finds that the ALJ based his findings upon substantial evidence under the proper legal standards.

### RECOMMENDATION

This court finds that the Commissioner's decision that Garcia did not suffer from disability and is not entitled to benefits under Title XVI of the Social Security Act is based upon correct legal standards and recommends the Commissioner's decision be AFFIRMED.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*** **Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of**

15 - FINDINGS AND RECOMMENDATION

Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *<u>The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten days within which to file a response to the objections</u>*. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ___8___ day of January, 2007.

John P. Cooney
United States Magistrate Judge